**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MILTON G. JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-2002 |
| | ) | |
| v. | ) | Judge McCuskey |
| | ) | |
| GREG SIMPSON, RED LOBSTER, | ) | Magistrate Judge Bernthal |
| DARDEN CORPORATION, GORDON | ) | |
| WHITE and PATRICK WALSH, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO COMPLAINT**

Come now Defendants GMRI, Inc. (improperly named as "Red Lobster" and "Darden Corporation") d/b/a Red Lobster, Greg Simpson, Gordon White and Patrick Welch (improperly identified as "Patrick Walsh"), by and through counsel, and in answer and response to the Complaint filed herein, plead as follows:

I.  PREVIOUS PROCEEDINGS BEFORE THE EQUAL EMPLOYMENT OPPORTUNITIES COMMISSION (EEOC)

A.  Have you filed a charge before the federal Equal Employment Opportunities Commission (EEOC) relating to this claim of employment discrimination?

YES.

B.  If your answer is YES, describe the EEOC proceeding:

1.  Parties to the previous EEOC proceeding:

Petitioner(s)_____

_____

_____

Respondent(s)_____

249331

_____

_____

2. Location of EEOC office that handled your charge: Chicago District Office 500 West Madison Suite 2800

3. Docket or case number of your charge: 440-2007-00302

4. Disposition (what was the final result of your charge): The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statues. This does not certify that the respondent is in compliance with the statues. No finding is made as to any other issues that might be construed as having been raised by this charge.

5. Has EEOC written you a right-to-sue letter (telling you that you have the right to sue in a Untied States District Court if you are dissatisfied with the disposition of your charge)?

YES

6. Date of filing charge before EEOC: 09-04-2006

7. Date of disposition by EEOC: 11-29-2006

C. Attach copies of all documents you possess relating to the EEOC proceeding, ESPECIALLY YOUR RIGHT-TO-SUE LETTER.

**RESPONSE**: Defendants admit, upon information and belief, that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") relating to his claims of employment discrimination, that said charge was assigned case number 440-2007-00302, that said charge was handled by the EEOC's Chicago District office, and that the EEOC issued Plaintiff a Notice of Right to Sue letter with respect to said charge on November 29, 2006. Defendants aver that Plaintiff filed said charge on November 2, 2006 against Defendant Red Lobster only and that Defendants Greg Simpson, Gordon White and Patrick Welch were not named in the charge and have no liability to Plaintiff in this matter. Defendants deny the remaining allegations in Paragraph I of the Complaint.

II.      <u>PREVIOUS LOCAL, STATE OR FEDERAL PROCEEDINGS OTHER THAN EEOC</u>

    A.    Have you begun other legal proceedings before state or local courts or agencies, or a federal court (but NOT the EEOC) relating to your claim of employment discrimination?

    NO

**RESPONSE**: Upon information and belief, Defendants admit the allegations contained in

Paragraph II of the Complaint.

III.      <u>PARTIES TO YOUR PRO SE COMPLAINT OF EMPLOYMENT DISCRIMINATION</u>

    A.    Plaintiff(s)

        1.    Your full name:  Milton Glenn Jenkins

        2.    Your address:  609 E. Columbia, Champaign, IL 61820

        3.    Names and addresses  of other plaintiffs, if any.

    B.    Have you attached a separate sheet naming other plaintiffs?

    NO

    C.    Defendant(s) (You should name here the first-named respondent, or else its successor, in the previous EEOC proceeding brought by your or on your behalf):

        1.    Full name (individual for firm):  Greg Simpson

        2.    Business address:  1901 N. Prospect Avenue, Champaign, IL 61822

        3.    Job position (if individual):  Culinary Manager

        4.    Status as an entity (if defendant is a business firm):

        Corporation

        5.    Names, business addresses, and job position or entity status of other defendants, if any (you should name additional defendants only if they were named as respondents in a previous EEOC proceeding brought by your or on your behalf):  Gordon White, 1901 N. Prospect Avenue, Champaign, IL 61822

    D.    Have you attached a separate sheet naming other defendants?

    NO

**RESPONSE**: Defendants admit the allegations that Plaintiff purports to identify the parties to the lawsuit but deny that Plaintiff has stated a claim for relief as to any of the Defendants, and deny any remaining allegations in Paragraph III of the Complaint.

IV.   STATEMENT OF YOUR CLAIM OF EMPLOYMENT DISCRIMINATION

   A.   Were you:

   Discharged.

   B.   State here as briefly, concisely and clearly as possible the essential facts of your claim. Take time or organize your statement; you may use numbered paragraphs if you find it helpful. Include precisely how each defendant in this action is involved. Include the names of other persons involved who are not defendants; give dates and place. Concentrate on describing as clearly and simply as possible the employment practice you allege to be illegal, and how it discriminated against you. IT IS NOT NECESSARY TO MAKE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. IN MOST CIRCUMSTANCES, THIS ONLY MAKES THE CLAIM OF A LAYMAN MORE DIFFICULT TO UNDERSTAND. AS MUCH AS POSSIBLE, LET THE FACTS SPEAK FOR THEMSELVES.

   Gordon White said nigger butt right behind my back. They would tell me to come through the back door, they would all go through the front I would be left out. They said harassing words through the intercome. I would come in and they would say they would clock me in and when I would come out I would not be clocked in and they said I must have made someone made. I was not train properly. We did not use recipe much but word of mouth and the would change the measurement to confuse me. I was fired because they did not need people like me in their company. I told Greg Simpson my trainer was harassing me. He said that he would check into it but that was the reason I as fired because of complaining of wrong treatment in my opinion and also race.

**RESPONSE**: Defendants admit that Plaintiff was discharged from his employment and deny the remaining allegations contained in Paragraph IV of the Complaint.

V.   RELIEF YOU REQUEST

   Check below what you want the court to do for you. You may make as many checks as you like.

   Should you prevail in this lawsuit, award you back pay.

   Should you prevail in this lawsuit, award you certain costs of suit (but not attorneys fees).

   Other:  this put me in a bad position that cost me mental anguish. I would like to be awarded damage fee of 115 million dollars.

**RESPONSE**:  Defendants deny that Plaintiff is entitled to any of the relief sought in Paragraph V of the Complaint.

VI.    <u>JURY DEMAND</u>

    YES

**RESPONSE**:  Defendants deny that Plaintiff can state a claim for relief and therefore deny that he is entitled to a trial by jury as alleged in Paragraph VI.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1.    Defendants aver that Plaintiff's Complaint fails to state a claim upon which relief can be granted as to some or all of the claims asserted therein.  Specifically, but without limitation, the Complaint fails to state a claim for relief as to the individual Defendants Greg Simpson, Gordon White and Patrick Welch in that there is no individual supervisor liability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*

2.    Defendants aver that this Court lacks subject matter jurisdiction of this matter and/or Plaintiff's Complaint fails to state a claim upon which relief can be granted in that all of Plaintiff's claims are subject to the terms of a mandatory arbitration provision and are barred by his failure to pursue or exhaust that binding arbitration provision.  Defendants have requested that Plaintiff voluntarily dismiss his lawsuit and submit to arbitration and, if necessary, Defendant will file a motion to compel arbitration.

3.    Defendants had legitimate, non-discriminatory, non-pretextual reasons for terminating Plaintiff's employment.

4.    Defendants aver that Plaintiff's "race" was neither a determining nor motivating factor in its employment decisions relating to Plaintiff.

5

5. Defendants aver that Plaintiff's recovery is barred due to his failure to comply with and exhaust internal dispute resolution procedures before commencement of the present action.

6. Without admitting the allegations in the Complaint, in the event that Plaintiff purports to assert proof of discrimination, Defendants aver that they would have taken the same action regarding Plaintiff even in the absence of any impermissible motivating factor.

7. Plaintiff's claim under Title VII is barred because Defendants exercised reasonable care to prevent and/or correct any discriminatory behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

10. Defendants aver that Plaintiff failed to mitigate his damages, if any.

11. Without admitting any of the allegations of the Complaint, Defendants aver that this action is frivolous, unreasonable and groundless and, accordingly, Defendants are entitled to attorneys' fees and other costs associated with the defense of this action.

12. Defendants reserve the right to assert further defenses as they emerge through the discovery and investigation period.

WHEREFORE, having fully answered, Defendants pray that Plaintiff's Complaint be dismissed, judgment entered in favor of Defendants and Defendants be awarded their reasonable fees and expenses incurred in the defense of this action.

Respectfully submitted,

By:   s/ Craig R. Thorstenson
Craig R. Thorstenson: IL Bar No. 6198153
Attorney for the Defendant
FORD & HARRISON LLP
55 East Monroe Street, Suite 2900
Chicago, IL 60603

Telephone: 312-332-0777
Fax: 312-332-6130
CThorstenson@fordharrison.com

AND

Delaine R. Smith, TN Bar No. 15027 (*Pro Hac Vice* to be filed)
Emily Pera, TN Bar No. 23634 (*Pro Hac Vice* to be filed)
Attorneys for the Defendants
FORD & HARRISON LLP
795 Ridge Lake Boulevard, Suite 300
Memphis, Tennessee  39120
Telephone:     (901) 291-1500
Facsimile:     (901) 291-1501

Counsel for Defendants

CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing Answer to Complaint was filed electronically with the Central District of Illinois on February 12, 2007, and is available for viewing and downloading from the Electronic Case Filing (ECF) System.

The undersigned also certifies that service of this Answer to Complaint was made upon the following NON-ECF user by depositing same in the U.S. Mail depository located at 55 East Monroe Street, Chicago, Illinois, with proper first class postage prepaid, before the hour of 5:00 p.m. on February 12, 2007, addressed as follows:

> Milton G. Jenkins
> 609 East Columbia
> Champaign, Illinois  61820

> s/ Craig R. Thorstenson
> Craig R. Thorstenson: IL Bar No. 6198153
> Attorney for the Defendant
> FORD & HARRISON LLP
> 55 East Monroe Street, Suite 2900
> Chicago, IL 60603
> Telephone: 312-332-0777
> Fax: 312-332-6130
> CThorstenson@fordharrison.com